RECEIVED

2005 SEP 30 P 3:04

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS EDWARD PHILLIPS, AS    *
ADMINISTRATOR OF THE ESTATE   *
OF SUSIE LUCILLE PHILLIPS,    *
DECEASED,                     *
PLAINTIFF,                    *
                              *
VS.                           *   CASE NO. 2:05CV934-T
                              *
THE CITY OF OPP, ALABAMA,     *
AN ALABAMA MUNICIPAL          *
CORPORATION; JASON C. BLUE;   *
DAVID HARRELL; AND BILL SHAW, *   **DEMAND FOR JURY TRIAL**
DEFENDANTS.                   *

## JURISDICTION

1. Jurisdiction is predicated upon 28 USC 1331, 42 USC 1983 and 28 USC 1367(a);

## PARTIES

2. The Plaintiff, Marcus Edward Phillips, is the duly appointed and qualified administrator of the Estate of Susie Lucille Phillips, Deceased, pursuant to letters issued by the Probate Court of Covington County, Alabama;

3. Defendant, the City of Opp, Alabama, is an Alabama municipal corporation;

4. Defendants, Jason C. Blue and David Harrell, are/were police officers employed by the City of Opp, Alabama, and who were, at all times relevant and material to the causes of actions alleged herein, acting within the line and scope of their employment as police officers for said municipality. Defendant, Bill Shaw, is the Chief of Police for said municipality and the person having the supervision and control of the Defendant police officers;

## FACTS

5. On or about February 21, 2003, within the city limits/police jurisdiction of the City of Opp, Alabama, Susie Lucille Phillips (hereinafter "Phillips") was the victim of certain crimes and/or acts of domestic violence committed upon her by one Marcellous Evans (hereinafter "Evans"). Phillips is (was) a white female and Evans is a black male. Phillips and Evans were involved in a dating relationship as that term is defined in Section 13A-6-130, Code of Alabama. At 10:30 p.m. on the aforementioned date, Evans

was operating a 1987 Chevy Blazer vehicle in the City of Opp near the intersections of College Street, Cummings Avenue and Florala Highway. Phillips was driving and operating a 1995 Pontiac Bonneville vehicle. As an act of domestic violence, Evans rammed his vehicle into the vehicle occupied by Phillips three times;

6. Defendants, Jason C. Blue and David Harrell, Opp police officers, responded to the scene of the collision between the Evans and Phillips vehicles. As noted in the "accident report" generated by said police officers, this incident "was the result of an earlier domestic dispute" between Evans and Phillips;

7. The Defendant police officers did not arrest Evans for any criminal offense or act of domestic violence at the scene even though probable cause existed for the immediate and warrantless arrest of Evans. *See, Sections 13A-6-133 and 15-10-3 (a)(8) Code of Alabama.* Further, the Defendant officers failed to place Evans under arrest for outstanding warrants from Houston County, Alabama, that said police officers were aware of or, that in the exercise of due diligence of their duties as police officers, should have been aware of;

8. Warrants of arrest were obtained by the Defendant police officers for Evans on (or about) March 7, 2003, for the offenses of attempted assault, first degree; criminal mischief, second degree; and domestic violence/reckless endangerment, third degree. These warrants were obtained with no greater probable cause and upon the same information available to the Defendant police officers on the evening of February 21, 2003. The warrants of arrest were only obtained after members of Phillips' family had reported that she (Phillips) had not been seen since the incident of domestic violence that occurred the evening of February 21, 2003;

9. Evans entered guilty pleas in the Circuit Court of Covington County, Alabama (Case No. CC 2004-246) to the charges of criminal mischief, first degree, and domestic violence, third degree, for the acts committed against Phillips on February 21, 2003. Evans was sentenced to ten years and one year (concurrent) on March 17, 2005, and ordered to pay restitution of $4,500.00 for damages to the Phillips' vehicle;

10. Evans confessed to the murder of Phillips on March 30, 2005. Pursuant to a plea agreement, Evans told investigators where Phillips' remains could be located in Dale County, Alabama. In exchange, Evans pled guilty to manslaughter of Phillips in the Circuit Court of Dale County, Alabama (Case No. CC 2005-174) on April 11, 2005, and was sentenced to 20 years to run concurrent with the Covington County sentence;

11. In his statement to law enforcement, Evans admits to meeting up with Phillips on the evening of February 21, 2003, "after the domestic assault." Evans claims Phillips was not killed until the early morning hours of February 24, 2003. However, it is clear that Evans is the only person to see Phillips alive after the assault until the time of her death at his (Evans') hand. Plaintiff maintains that Evans, in fact, killed Phillips shortly after the assault that occurred in Opp as part of an ongoing act of domestic violence perpetrated against Phillips;

## COUNT ONE
## (VIOLATION OF 42 USC 1983)

12. Plaintiff realleges paragraphs 1 through 11;

13. On or about February 21, 2003, the Defendants, Jason C. Blue and David Harrell, acting in their capacities as police officers for the Defendant municipality, the City of Opp, Alabama, unlawfully deprived and/or conspired to deprive Susie Lucille Phillips of certain rights guaranteed to her by the Constitution and the Laws of the United States.

Phillips was entitled to the fair and non-discriminatory application of the Alabama criminal statutes and the protection afforded her by the enforcement of laws enacted by the legislature of the State of Alabama and promulgated to protect the class of persons who are victims of domestic assault or violence. The failure of the Defendant police officers to arrest Evans on February 21, 2003, directly and/or proximately resulted in an ongoing or continuing act of domestic violence by Evans against Phillips resulting in her death. The legislative intent and purpose of the statutes is to afford the protection of the law to persons such as Phillips who, because of a history of domestic violence, are unable to adequately protect themselves. It is believed and averred that the Defendant, the City of Opp, Alabama, maintains an official policy not to arrest an alleged perpetrator of domestic violence absent a representation by and from the victim that she will actively participate and aid in the prosecution of said criminal action and will sign/execute affidavits and complaints in the criminal court and appear and give testimony against the perpetrator at trial. It is further believed and averred that it is the custom or practice of the Defendant municipality, endorsed or approved by the City of Opp, not to vigorously enforce the domestic violence statutes in bi-racial situations and most especially in those instances where the alleged victim is a white female and the alleged perpetrator is a black male.

14. The actions of the Defendant police officer and the Defendant municipality violated 42 USC 1983;

15. The actions, conduct, practices, policy and/or custom of the Defendants resulted in damage and/or injury to Phillips, i.e. her death at the hands of Evans;

16. Plaintiff claims attorney's fees and expenses of the Defendants. Because of the willful, gross and oppressive conduct of the Defendants, Plaintiff claims punitive damages of the Defendants;

WHEREFORE, Plaintiff demands judgment against the Defendants in the sum of $5,000,000.00, plus attorney's fees and costs. Plaintiff further prays the Court for such other and different relief as may be just and proper.

## COUNT TWO

17. Plaintiff realleges paragraphs 1 through 16;

18. The Defendant police officers acting within the line and scope of their employment with the Defendant municipality owed a duty to Phillips to fairly enforce in a non-discriminatory manner, the laws and ordinances of the City of Opp and the State of Alabama;

19. The Defendant police officers negligently, wantonly, willfully and/or intentionally breached the duty owed to Phillips by their failure and/or refusal to arrest Evans on the night of February 21, 2003, upon a charge of domestic violence. Further, the Defendant police officers breached a duty as police officers by their failure to arrest Evans on outstanding criminal warrants from Houston County, Alabama;

20. As a proximate result of the Defendant police officers breach, Phillips was killed by Evans as part of an ongoing and continuing act of domestic violence committed by Evans against Phillips;

21. Plaintiff avers that Evans' arrest on the evening of February 21, 2003, was a mere ministerial act to be performed by the Defendant police officers especially in view of the existence of outstanding arrest warrants for Evans. Should the arrest of Evans be determined to be a discretionary function, Plaintiff believes and avers that the Defendant police officers acted in bad faith, with malice or willfulness by their actions and conduct, i.e. the failure to arrest Evans on the night of February 21, 2003;

WHEREFORE, Plaintiff demands judgment against the Defendants for the sum of $5,000,000.00 as compensatory and punitive damages, plus attorney's fees and costs. Plaintiff further prays for such other and further relief as may be just and proper.

## COUNT THREE

22. Plaintiff realleges paragraphs 1 through 21;

23. Defendants, the City of Opp, and Police Chief Bill Shaw, owed a duty to properly train and supervise police officers employed by the municipality;

24. Defendants, the City of Opp and Police Chief Bill Shaw, negligently, wantonly, willfully and/or intentionally failed to properly train and supervise Defendant police officers Jason C. Blue and David Harrell in the proper enforcement of the statutes and/or ordinances relating to acts of domestic violence;

25. As a proximate result of the breach in the training and supervision of Defendant police officers Blue and Harrell, Evans was not arrested on February 21, 2003, and, as an act of ongoing and/or continuing domestic violence by Evans against Phillips, she (Phillips) was murdered;

WHEREFORE, Plaintiff demands judgment against the Defendants for the sum of $5,000,000.00 as compensatory and punitive damages, plus attorney's fees and costs. Plaintiff further prays for such other and different relief as may be just and proper.

**TRIAL BY JURY DEMANDED**

Charles Matthew Brunson BRU019
Jared & Brunson
P. O. Box 358
Elba AL 36323
334-897-3507

Of Counsel:
Steve Blair   BLA045
Attorney at Law
P. O. Box 310843
Enterprise AL 36331
334-308-5375