IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS EDWARD PHILLIPS, <br> as Administrator of the Estate of <br> Susie Lucille Phillips, deceased, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF OPP, ALABAMA, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No. 2:05-cv-934-T <br> ) <br> ) <br> ) <br> ) |

**REPLY TO PLAINTIFF'S RESPONSE TO MOTION
TO DISMISS, TO STRIKE, AND TO LIMIT DISCOVERY**

Defendants the City of Opp, Alabama, Officer Jason C. Blue, Officer David Harrell, and Chief Bill Shaw reply to the plaintiff's response to their Motion to Dismiss, to Strike, and to Limit Discovery.

### I. THE PLAINTIFF ABANDONED HIS CLAIMS

The plaintiff's response only addressed one issue – the two year statute of limitations. The plaintiff did not respond to the defendants' other arguments. The plaintiff abandoned his claims. See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000) ("failure to brief and argue [an] issue during the proceedings before the district court is grounds for finding that the issue has been abandoned"); Glidewell v. Town of Gantt, 176 F. Supp.2d 1263, 1266 (M.D. Ala. 2001) (Albritton, J.) ("Because the Plaintiff has failed to argue any of the federal claims he asserted against the Town of Gantt, his federal claims against the Town of Gantt are deemed abandoned and summary

1

judgment is due to be granted in favor of the Town of Gantt on those claims."); Sims v. Glover, 84 F. Supp.2d 1273, 1278 (M.D. Ala. 1997) (DeMent, J.) (holding plaintiff abandoned claims by failing to argue them in response to motion to dismiss).

## II. **STATUTE OF LIMITATIONS**

As to the claims that are subject to a two-year statute of limitations, the defendants raised many other grounds upon which the claims should be dismissed. The plaintiff did not contest the other grounds.

The court should not have to decide the statute of limitations question. All of the claims may be deemed abandoned based upon the plaintiff's failure to address the defendants' other arguments.

*A. State Law Negligence Claims*

As to the state law negligence claims in Counts II and III, the plaintiff did not cite any legal authority to toll the statute of limitations. The plaintiff did not identify any source of state law that allows equitable tolling of negligence claims, or that recognizes a discovery rule for negligence claims. The plaintiff abandoned the statute of limitations issue as to the state law negligence claims. See Sims v. Glover, 84 F. Supp.2d 1273, 1278 (M.D. Ala. 1997) (DeMent, J.) (holding plaintiff abandoned claims by failing to mention them in response to motion to dismiss).

In any event, "There is … no 'discovery rule' to toll the running of the limitations period with respect to negligence or wantonness actions; the 'discovery

2

rule' in Alabama is applicable only to fraud actions." Henson v. Celtic Life Ins. Co., 621 So. 2d 1268, 1274 (Ala. 1993); see also B & B Properties v. Dryvit Sys., Inc., 708 So. 2d 189, 192 (Ala. Civ. App. 1997) ("There is no 'discovery rule' that tolls the running of the limitations period with respect to negligence or wantonness actions. The 'discovery rule' is applicable only to fraud actions.").

The defendants have not found any authority to allow equitable tolling of a state law negligence claim, and the plaintiff has not cited any.

The statute of limitations bars the negligence claims in Counts II and III.

### B. Federal Claims

The plaintiff invoked the doctrine of equitable tolling for the federal claims. In support of his argument, the plaintiff cited McIntire v. United States, 884 F. Supp. 1529 (M.D. Ala. 1995). Apparently, the plaintiff relies upon that opinion's reference to situations in which a plaintiff "has no reasonable way of discovering the wrong perpetrated against her." McIntire, 884 F. Supp. at 1533.

McIntire cites McBrayer v. City of Marietta, 967 F.2d 546, 547 (11th Cir. 1992), as authority for the quoted statement. McBrayer involved a situation in which the defendant itself allegedly deprived the plaintiffs of information by failing to post required notices. See McIntire, 967 F.2d at 547. There is no allegation that any act or omission by the City of Opp deprived the plaintiff of information.

"Equitable tolling is an extraordinary remedy which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "Equitable tolling is limited to rare and exceptional circumstances, such as when the State's conduct

prevents the petitioner from timely filing." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). To invoke equitable tolling, "courts usually require some affirmative misconduct, such as deliberate concealment." Arce v. Garcia, 400 F.3d 1340, 1349 (11th Cir. 2005).

In this case, the decedent's mother filed a sworn statement of claim with the municipal clerk on August 21, 2003. A certified copy of the claim is attached as Exhibit A. It was notarized by plaintiff's counsel and lists plaintiff's counsel as the point of contact for the claim.

This lawsuit was not commenced until September 30, 2005 – over two years after plaintiff's counsel notarized and filed the claim. If the decedent's mother and the plaintiff's own attorney had sufficient information to file a damage claim with the municipal clerk over two years before this lawsuit was filed, then there is no basis upon which to invoke equitable tolling.

### III. CONCLUSION

Wherefore, the defendants respectfully move the court to dismiss this action with prejudice.

**/s/ James H. Pike**
James H. Pike  (PIK003)
Attorney for Defendants
City of Opp, Alabama, Jason C. Blue,
David Harrell, and Bill Shaw

4

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
Email: jpike@cobb-shealy.com

### CERTIFICATE OF SERVICE

    I, James H. Pike, certify that on November 21, 2005, I electronically served a copy of this document on:

Charles Matthew Brunson
JARED & BRUNSON
P.O. Box 358
Elba, Alabama 36323

Steve Blair
P.O. Box 310843
Enterprise, Alabama 36331

                                            **/s/ James H. Pike**
                                            James H. Pike