IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS EDWARD PHILLIPS, as Administrator of the Estate of Susie Lucille Phillips, deceased,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OPP, ALABAMA, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:05-cv-934-T<br>)<br>)<br>)<br>) |

## MOTION TO STAY DISCOVERY

Defendants the City of Opp, Alabama, Jason C. Blue, David Harrell, and Bill Shaw move to stay discovery pending the disposition of the immunity defenses in their motion to dismiss. In support of this motion, the defendants state as follows.

### I. INTRODUCTION

On October 23, 2005, the defendants filed a motion to dismiss that was based, in part, on the defenses of qualified immunity and state law immunity. (See Docs. 5 and 6.)

Under settled United States Supreme Court precedent, the individual defendants are entitled to a stay of discovery until the qualified immunity aspect of their motion is resolved. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (holding discovery should not be allowed until qualified immunity defense is resolved).

1

In the context of appeals, the Eleventh Circuit has treated qualified immunity and state law immunity similarly. See Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000) (treating federal and state immunity defenses identically for purposes of immediate appeal). By analogy, the right to a pre-discovery determination of qualified immunity should also extend to state law immunity.

## II. FEDERAL QUALIFIED IMMUNITY

"Government officials sued for acts committed in the course of their official duties may invoke the defense of qualified immunity." O'Rourke v. Hayes, 378 F.3d 1201, 1205 (11th Cir. 2004).

"Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." Saucier v. Katz, 533 U.S. 194, 200 (2001). "There is a strong public interest in protecting public officials from the costs associated with the defense of damages actions." Crawford-El v. Britton, 523 U.S. 574, 590 (1998).

Public officials are entitled to a determination of their qualified immunity before discovery proceeds. "One of the purposes of the Harlow qualified immunity standard is to protect public officials from the broad-ranging discovery that can be particularly disruptive of effective government. For this reason, we have emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation." Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987).

"Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

"Until this threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In K.M. v. Alabama Department of Youth Services, this Court considered a motion to stay discovery pending the appeal of a denial of qualified immunity:

> The court starts from the general premise that "until the threshold immunity question is resolved, discovery should not be allowed." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed.2d 396 (1982). Although the trial court has substantial discretion in discovery matters, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." Crawford-El v. Britton, 523 U.S. 574, 597-98, 118 S. Ct. 1584, 1596, 140 L. Ed.2d 759 (1998). Once the qualified immunity defense is raised, "balancing is done with a thumb on the side of the scale weighing against discovery." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1280 (11th Cir. 1998).

209 F.R.D. 493, 495 (M.D. Ala. 2002) (Thompson, J.).

The Court concluded that, "Once a non-frivolous appeal of a denial of immunity has been filed, a stay of discovery is obviously appropriate until the appellate court resolves the immunity issue." Id.

In this case, the individual defendants have advanced a non-frivolous argument for qualified immunity. In Williams v. City of Montgomery, Judge Albritton granted qualified immunity under virtually identical factual allegations. 21 F. Supp.2d 1360, 1367 (M.D. Ala. 1998) (Albritton, J.). The individual defendants

3

should not be forced to submit to discovery when this district's precedent already establishes their entitlement to qualified immunity.

### III. STATE LAW IMMUNITY

Procedurally the Eleventh Circuit has accorded claims of state law immunity a priority similar to that of qualified immunity.

In Taylor v. Adams, the Eleventh Circuit recognized that, "Discretionary-function immunity arising under Alabama law is, like qualified immunity arising under federal law, immunity from suit." 221 F.3d 1254, 1260 (11th Cir. 2000). It held, "the same principles of federal law governing an appeal of the denial of qualified immunity at the summary judgment stage also govern an appeal of the denial of Alabama discretionary-function immunity at the same stage." Id.

In Sheth v. Webster, the Eleventh Circuit noted, "The Alabama Supreme Court has equated qualified immunity with discretionary function immunity." 145 F.3d 1231, 1240 (11th Cir. 1998).

Because Alabama's doctrine of immunity provides an immunity from suit similar to that of qualified immunity, the benefits of state law immunity will be lost if discovery is allowed to proceed.

The Eleventh Circuit has already recognized that a denial of state law immunity gives rise to a right of immediate appeal identical to that of qualified immunity. There is no basis to differentiate between state law immunity and qualified immunity in the context of a discovery stay.

## IV. CONCLUSION

For the foregoing reasons, defendants the City of Opp, Alabama, Jason C. Blue, David Harrell, and Bill Shaw move to stay discovery pending a resolution of the immunity defenses presented in their motion to dismiss and supporting memorandum.

                                                  **/s/ James H. Pike**
James H. Pike  (PIK003)
Attorney for Defendants
City of Opp, Alabama, Jason C. Blue, David Harrell, and Bill Shaw

OF COUNSEL:

COBB, SHEALY, CRUM & DERRICK, P.A.
P.O. Box 6346
Dothan, Alabama  36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
Email: jpike@cobb-shealy.com

## CERTIFICATE OF SERVICE

I, James H. Pike, certify that on November 21, 2005, I electronically served a copy of this document on:

Charles Matthew Brunson
JARED & BRUNSON
P.O. Box 358
Elba, Alabama 36323

Steve Blair
P.O. Box 310843
Enterprise, Alabama 36331

                                          **/s/ James H. Pike**
                                          James H. Pike